May it please the court. My name is Dan Goldberg and I represent Mr. Cooper in this appeal. The district court here erred in sentencing Mr. Cooper because it improperly relies in applying the guidelines that relied solely on pre-plea conduct and denying acceptance of responsibility. I think at the outset we need to acknowledge that there's no on-point binding eighth circuit case law that holds whether or not a district court can rely solely on pre-plea conduct. And I think we know that from the Millsaps case where just recently a panel of this court assumed without deciding the issue presumably reserving it for later review. So I think what this court needs to turn first to is the text of 3E1.1 because that's the best evidence to resolve this issue. And I think panels of this court have done a good job in the past in doing just that. The Belcourt for example looked to the term responsible and saw that it's defined as quote to answer for one's conduct. So when does one answer for one's conduct? I think that's rather unambiguous in the federal justice system it's where one pleads guilty. Because prior to that time you have an absolute right to go to trial, refuse to take acceptance and require the government to prove you guilty beyond a reasonable doubt. I think we also know that because the surest way to lose acceptance of responsibility is to do the opposite. To go to trial, not take acceptance of responsibility and then later at sentencing try to show remorse. That won't work. You know that again from the Bell case. So I think the text of 3E1.1 is very helpful. The purpose of the rule I think is also very helpful and I think that's also unambiguous. The Sentencing Commission wants defendants to plead guilty swiftly because if they don't we know that in the criminal justice system approximately 90 percent or more plead guilty. And if that weren't the case there would be a floodgates and the system couldn't handle that. So they want to give reward defendants for doing that swiftly. So the government doesn't. Counsel I have a question about that. I think the case law is pretty clear that and the guideline is clear that pleading guilty is not a guarantee for that reduction. So does that cut into your argument a little bit to put too much emphasis on that? That there are two different assessments pleading guilty and actually accepting responsibility which could does in fact take in a number of other factors other than simply admitting the elements of the offense. I think you're absolutely right. Pleading guilty is not dispositive. It's significant evidence but I think absolutely that doesn't entitle you to the two level reduction. Our argument is that if you plead guilty and then do something subsequent to that that's inconsistent with that acceptance then absolutely you should lose that acceptance of responsibility. Mr. Gilbert this is this is Jed Smith. Is there anything in the guideline that would justify the reduction of pre-plea conduct? My argument is that the plain language is. What language specifically? Well that to answer for one's conduct. Anything that happens before one answers for one's conduct is irrelevant because that's the not only symbolic that's the legal time where you actually go and say I did it. I'm taking responsibility and then I'd also turn to application note 1b okay and and I think that's the only one that's on point to address this issue and it says that an appropriate consideration is both voluntary termination or withdrawal from criminal conduct or associations end quote. So Chief Judge Smith what's not in that language is prior to the adjudication of guilt and we see that language in application note 1c that a voluntary payment of restitution needs to be done and the courts should look to prior to adjudication of guilt. That's not in there as it pertains to voluntary termination withdrawal from criminal conduct. So I think one could say hey the Sentencing Commission knows how to put that in and since they didn't that should be given. What about application note 1.1a which has the language in it describing appropriate considerations that they include but are not limited to so that there's a range of things that be that can be appropriately considered including voluntary termination or withdrawal from criminal conduct or associations whether they surrendered voluntarily and promptly those are things that could be considered as behavior occurring before the plea. Right I think that you are absolutely right that there's that language that says but are not limited to and so there's the notion that district courts should be given discretion to consider what they think is important and seeing if there's acceptance responsibility. But I think the problem... I guess my second and last question because I don't want to eat up your time but why wouldn't it be appropriate for a court to take into account serious criminal behavior by a person who's pleading to a separate offense when the court is trying to consider whether the person has demonstrated that they should receive a more lenient sentence. Right I think why it's not appropriate is that what the government's proposed rule I think encourages is the district court to make its own determinations to when that time period begins. Is it before prior to arrest? Let's say the criminality is ongoing and also during that time commits other crimes that aren't federal crimes aren't charged and what I think the government's argument is saying is that well defendants should turn themselves in and then they should get acceptance responsibility and what I wouldn't that be the kind of rule that the commission would need to make instead of appellate courts? Mr. Cooper's argument is that they already have that 3E 1.1 is unambiguous and here I'm here I'm here to admit that we're seeking a transformation of the law. That's not how the law is in the eighth circuit right now but I think there's no other court better fit to take a look at the plain language and the purpose of the rule and to make a correct analysis of it and that just because you know other circuits aren't doing it you know this isn't a broadly interpreted rule this way doesn't mean the other circuits are doing it right. You know we have we see cases like the rehab case where courts are just collectively misinterpreting the law and I think it's important not to lose the horse for the trees. Here we have Mr. Cooper he pled guilty within almost three months of being indicted that's exactly what we want and if the court were to interpret this rule otherwise you're giving Mr. Cooper and so many that others like him no incentive to plead guilty. He might as well go to trial take his chances with the jury and and juries are unpredictable maybe they'll quit him um and I think that's the contrary to what we want. Unless there's other questions I'd like to reserve the remainder of my time for rebuttal. Thank you Mr. Goldberg. Mr. Coppi. Thank you may it please the court my name is Phil Coppi and I represent the government in this case um about the only thing I think I I agree with Mr. Goldberg on and it's really not in my brief is he does take issue with my assertion that the decision as to whether or not to give acceptance of responsibility is discretionary now that's all correct but I think he is right that the question that this court is asked to decide in this case can the court consider can the court question of law now where I don't just where I don't agree with him is he says this is an open question and the only authority he has for this is that footnote that says we don't need to decide it in this case um and he says that proves that unpublished opinion that a footnote proves that this is an open question and you know during oral arguments this week uh one of the things that came up was a question he mentioned rehafe and there's a case that recently came down from the court Brooks Davis where Judge Loken said uh we don't need to decide whether a stipulation by itself is sufficient well as we pointed out an argument that's already been decided in the Lamont Owens case so he overlooked it and obviously whoever wrote the procurator unpublished opinion in Millsaps overlooked the fact that the case law is clear now in his reply brief Mr. Goldberg says we're asking for two different standards we're not what we're saying is is that the guidelines as they are formulated and as they have been interpreted by this court allow a court to take into consideration in determining whether a defendant is entitled to acceptance of responsibility any conduct that occurs subsequent to the commission of the offense that's what the all of the cases this is just a representative sample one of the cases that we cite was the Honkin case h-o-n-k-e-n and he said it doesn't stand for what I said it says and I looked it up and it does but in the process of looking up the Honkin case I see two more cases that support our argument that are cited in that opinion that we don't cite Mr. Coffey I do have assume let's court is free to look at pre plea conduct the guidelines do however focus and say that the evidence of a guilty plea I think that the language is maybe outweighed by the conduct of the defendant that is inconsistent with such acceptance of responsibility do you do you think that in this case the district court really focused on that language and determining making a factual finding as to why this particular conduct pre plea conduct was inconsistent with accepting responsibility for a very different offense well I I do your honor because I you know there is a presumption that the that the district court knows the law and as we point out in our brief the case law is quite clear that the the acts that have been committed by a defendant do not have to specifically relate to the crime for which he's pleading guilty and so therefore the fact that it didn't for example it didn't involve as well in the Honkin case which is a really serious example witnesses started disappearing I mean I don't mean you know hiding they were like not to be found and I understand your point Mr. Coffey I was just it the the inconsistent with acceptance of responsibility whether or not the conduct is directly related to the offense to which the person is pled guilty there still seems to be a fact finding they're required to show why this particular pre plea conduct shows is it is inconsistent with a plea of guilties to other conduct can you speak to that a little bit as whether it's sort of because that seems to be a different question than are the two types of conduct related right all right well even assuming and in this case they they are unrelated but but the case law basically says is that the scope of acceptance of responsibility is not limited simply to pleading pleading guilty and saving the government time that's a big deal and of course we're we're all in favor of that but the case law says that one of the factors and they list a whole bunch of these factors that factors are ceasing criminal activity and it doesn't doesn't say any particular activity I mean one of the things that we point out uh in our brief and I think it's correct is that um if you look at the factors under 3e 3e 1.1 you know truthfully and or not falsely denying conduct you know there are cases that say that individuals who have been arrested you know haven't even been charged yet and who lie about it you know they violate that voluntarily terminating or withdrawing from criminal activity and it doesn't it doesn't have to be related um voluntarily surrendering to authorities promptly that conduct can only take place before an arrest and it seems to me as I point out in our brief it totally undercuts his argument that you can't consider that um voluntary assistance to authorities and recovery of the fruits of course that can be at any point um voluntary resignation from office uh post-defense rehabilitative efforts counseling drug treatment obviously it's a drug offense that sort of thing occur before and as the McLaughlin case points out this is a two-edged sword because we're arguing for a rule or I think the court we're not really arguing for the rule it's it is the rule but this court has acknowledged that you know I would look pretty foolish it seems to me if I was arguing let's say this were a bankruptcy a bank robbery case and if the defendant after committing the waits for the police to arrest him I would be pretty foolish to argue that that couldn't be considered as evidence of acceptance of responsibility because I think that is the most you know potent acceptance by contrast if he in fleeing the bank runs over a bunch of people and then doesn't stop to aid them that seemingly shows non-acceptance responsibility and of course there's cases that have pointed that out assault cases on Indian reservations where the individual hasn't helped the person they've walked away and this is even pre-arrest so I'm not sure I'm answering your question but um I think the court certainly was aware of the case law and he and and the court is saying if you're committing some sort of assaultive conduct or engaging in serious some serious offense 13 days before you plead guilty you're not uh issuing criminal conduct and and it doesn't matter that you know you're not attempting to uh do something to affect this prosecution uh acceptance of responsibility involves things like repentance now Mr. Goldberg's response is well we can't ask him to be repentant because that's religious and that's going to violate his freedom of religion and you know the cases that I'm quoting from are I mean they use those words they're your court's cases uh I don't think that they're they mean that in a religious context they meet it in the context of um they've been in the context of you have figured out that no I'm not going to go down this path so it has a lot more to do Mr. Coppe I think we've got this point uh I had some concern as I read the transcript that if you listen and read the transcripts that Mr. Goldberg's actually used is that it looked like we were trying uh this state-related conduct and it really was going to dangerousness uh far more than it was going to the question of did he accept responsibility you know and at the end I it seemed to me that that uh particularly there was a moment and I don't have the transcript right in front of me right at the where where he said that uh you know that that he thought that that that did that what we were talking about those two levels was or three levels wasn't enough um and and I and it seemed that they were focused in on the conduct uh the underlying criminal conduct much more than they were focused in on did he accept responsibility or not and and and to me there's there's a difference there because well 3E1.1 has all kinds of flexibility I think and I think the arguments you're making are sound but I I think that there's something else going on uh here beyond just uh uh trying to tie it to uh whether uh he had really accepted responsibility that there's something else going on here about future dangerousness and that shows up in the colloquy when he gets around to sentencing too I mean and are we just supposed to ignore all of that and just say hey he he knew the law and therefore uh although these things that he says seem to be you know I mean I could have got there at 3553a and his variance I'm just having a hard time figuring out in the guidelines whether it ties in well I guess why is that why shouldn't that be a concern for me okay the the answer that I would give you judge is this is that I think it goes to both I mean in the in the dangerous of course is an issue but it also I mean it's necessarily tied into um the question of are you are you refraining or have you stopped criminal conduct and in this case obviously the more serious the conduct I mean if he's getting a jaywalking ticket or something that would be one thing but he's saying if I read the record correctly that you know you've not only not ceased criminal activity but you're engaging in really serious activity and I guess my answer to you would be you could look at that both from a context of uh not accepting responsibility you could also look at it as future dangerous and again I think they kind of blend together but I don't think that that violates the guidelines I think that that corresponds to the guidelines it's just maybe two different things you're looking at separately but but they both factor in thank you I see I'm not I see I'm out of time so unless there are any questions I would urge the court to affirm the lower court's decision thank you Mr. Coffey Mr. Goldberg your rebuttal thank you your honor um I think I want to respond to the government's argument about um the case law because I think there is a lot of case law out there I think the government has to acknowledge there isn't a uniform applicable rule that gives bright line tests to courts as to when the time starts and here even the district court said you know the time has to start somewhere and I think that's at the guilty plea and then I think as Judge Erickson pointed out he kind of got in the weeds about dangerousness so that's concerning and I think in some of the a lot of the case law that the government cites too he has first 1990 amendment to the guidelines so you have a lot of cases that I just don't think resolve the issue Mr. Goldberg yes your what's your what's your response to Mr. Coffey's position that if the rule that you are advocating was put in place it would cut both ways and a defendant who wants the court to consider the fact that they withdrew from their criminal enterprise in the that that wouldn't be able to be considered because it was pre-plea conduct right I think that it as it pertains to the criminality that is a unique cut out and that other things like you know the other application notes like 1c if you're going to make a voluntary payment clearly the sentencing commission wants you to the courts to look to before he takes acceptance responsibility but this is a unique cut out that pertains to accepting responsibility and has it pertains to future criminality under 1b so I think you can look at that not as a two-way street that's a unique unique cut out if that makes sense if that addresses your question your honor well as I understood that what you're proposing is that we put in a an interpretation that would say that pre-plea conduct would would not be considered for purposes of determining acceptance of responsibility not as it pertains to criminal ceasing criminal conduct I think that again there's this notion I think it's a valid one that when you come up to a judge and you make a factual basis for that guilty conduct that's a very unique event and so it should be treated uniquely and not like paying paying restitution voluntarily beforehand. Thank you Mr. Goldberg. Thank you also Mr. Coffey. Court appreciates both counsel's presence before us this morning the argument you provided and the briefing that's been submitted and we'll take the case under advisement. Counsel may be excused.